UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61117-CIV-MARRA/JOHNSON

PACIFIC INDEMNITY COMPANY
and FEDERAL INSURANCE COMPANY,

    Plaintiffs,

v.

FIREMAN'S FUND INSURANCE COMPANY,
and NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Defendants
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania's Motion for Summary Judgment (DE 37).  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

## Background

On October 5, 2006, Plaintiffs Pacific Indemnity Company ("Pacific") and Federal Insurance Company ("Federal") filed a two-count declaratory judgment action against Fireman's Fund Insurance Company ("Fireman's Fund") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), seeking a declaration that Pacific and Federal's policies are excess to those of Fireman's Fund and National Union, entitling Pacific and Federal

1

to indemnification.[1]

The instant action is a suit for a declaratory judgment by the primary (Pacific) and excess (Federal) automobile insurers of an individual named Debra Davis ("Davis") against the primary (Fireman's Fund) and excess (National Union) automobile insurers of Davis's company, Fit America, Inc. ("Fit America"). (*See* Compl. ¶¶ 8-22, 24.) In December 2002, Davis allowed her daughter, Blake Brittany Davis, to use a 2002 Jeep Grand Cherokee leased by Fit America. (Compl. ¶¶ 23, 25.) While using the Jeep, Blake Brittany Davis was involved in a car accident that resulted in the death of one individual, Bryce Batzer, and the injury of another, Jeanne Rusack.

The Estate of Bryce Batzer brought a wrongful death action against Fit America, Davis, and Davis's husband. (Compl. ¶ 29.) The case settled for $2 million. (Compl. ¶ 32.) As part of the settlement, Pacific paid $417,000, Federal paid $883,000, and Fireman's Fund paid $700,000.

Jeanne Rusack brought a personal injury claim against Fit America, Davis, Davis's husband, and the estate of Bryce Batzer. (Compl. ¶ 27.) The case settled for $250,000 – $83,000 was paid by Pacific and $167,000 was paid by Fireman's Fund. Federal claims that National Union's policy was primary to Federal's policy, so National Union should reimburse Federal for all monies paid out as part of the Batzer and Rusack settlements. (Compl. ¶¶ 40-43.)

National Union responds that Fit America was only vicariously liable for the accident,

---

[1]Count One asserts a claim by Pacific against Fireman's Fund. Per a Joint Stipulation filed on January 23, 2008, the Court dismissed Count One against Fireman's Fund. Count Two contains no allegations against Fireman's Fund. Thus, the only parties actively litigating in this case are Federal and National Union.

and because the settlement payments do not exceed the policy limits of Blake Brittany Davis's personal insurers, National Union should not have to pay. (Def. Mot. 2.) National Union's policy defines an insured as any of Fit America's "partners, executive officers, directors, stockholders or employees but only while acting within their duties." (Def. Ex. 9, Commercial Umbrella Policy Form 4.) The policy also defines an insured as "[a]ny person (other than your partners, executive officers directors, stockholders or employees) or organization with respect to any auto owned by you, loaned to you or hired by you or on your behalf and used with your permission." (Def. Ex. 9, Commercial Umbrella Policy Form 4.) Thus, the parties dispute whether Blake Brittany Davis was or was not an employee of Fit America at the time she was driving the Jeep.

## **Standard of Review**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  *Anderson*, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  *Anderson*, 477 U.S. 242, 249-50.

## Discussion

This dispute is between two excess carriers for the so-called "second layer" of coverage in an automobile accident.  To reiterate, the only issue presently disputed by the parties is whether Blake Brittany Davis was an employee of Fit America at the time of her accident in 2002.  If she was an employee of Fit America, she was only considered an insured of National

Union if she was acting within her duties as an employee. In that instance, she would not have been an insured of National Union at the time of the accident, because she was using the Jeep for personal reasons. (*See* Def. Ex. 4 at 1-3.) Thus, in this scenario, Fit America was only vicariously liable, and National Union argues that the rule in *Allstate Insurance Co. v. Fowler*, 480 So. 2d 1287 (Fla. 1985) should apply. In *Fowler*, the Florida Supreme Court held that, "[a]s far as the second layer of coverage is concerned, we hold that an insurer of a party who is only vicariously liable and entitled to indemnity is entitled to follow the insurer of the actively negligent party." *Id.* at 1290. Under that rule, Fit America (and National Union) would be entitled to indemnity from Blake Brittany Davis (and, by extension, Federal). Because the settlements did not exceed Federal's policy limits, National Union argues that Federal is not entitled to anything.

On the other hand, if Blake Brittany Davis was not an employee of Fit America at the time of the accident, she would be considered an insured of National Union as the driver of the Jeep. Then, the *Fowler* rule would not apply: "A right of indemnity does not exist if the insurer of the vicariously liable party insures the actively negligent as an additional insured because an insurance company cannot sue its own insured for indemnity." In this scenario, Fit America (and National Union) would not have a right of indemnity against Blake Brittany Davis (and Federal) because National Union would have insured both the vicariously liable party, Fit America, and the tortfeasor, Blake Brittany Davis.

Despite National Union's strenuous arguments to the contrary, the Court finds that Blake Brittany Davis's employment status on the day of the accident to be a classic question of fact. Indeed, even her parents, Debra and Byron Davis, disagreed as to whether she was an employee

of Fit America in December 2002. (*See* Def. Ex. 4.) Taking all of the evidence in the light most favorable to the non-moving party, the Court concludes that a triable issue of fact exists as to the status of Blake Brittany Davis's employment. On the record presented, the Court cannot conclude as a matter of law that she was or was not an employee of Fit America. Because unresolved questions of fact exist, summary judgment is inappropriate.

<u>**Conclusion**</u>

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania's Motion for Summary Judgment (DE 37) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of February, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies furnished to:
all counsel of record